STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0186

SUCCESSION OF ANGERELLA W. SIMMS

Judgment Rendered:   __OCT 1 9 2022__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 102787

Honorable Trudy M. White, Judge Presiding

* * * * *

| | |
|---|---|
| Chrystal Matthews Ingram<br>Baton Rouge, LA | Attorneys for Defendant-Appellant,<br>Wiley M. Williams and Estate of<br>Angerella Simms |
| Jack M. Alltmont<br>New Orleans, LA | Attorney for Plaintiff-Appellee,<br>Ralph A. Williams, II |
| Steven E. Soileau<br>Shreveport, LA | Attorney for Defendant-Appellee,<br>Jeffrey S. Norris |
| Thomas D. Bourgeois, Jr.<br>Vance A. Gibbs<br>Randal R. Cangelosi<br>Baton Rouge, LA | Attorneys for Defendant-Appellee,<br>CLA Estate Services, Inc. |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

This matter is again before us on appeal by Wiley M. Williams from a trial court judgment granting the petition to annul the previously probated testament based on **Successions of Toney**, 2016-1534 (La. 5/3/17), 226 So.3d 397, which was subsequently overruled by the Supreme Court in **Succession of Liner**, 2019-02011 (La. 6/30/21), 320 So.3d 1133, 1138. In light of **Liner** and the facts herein, we vacate the judgment of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Decedent, Angerella W. Simms, died in August 2016. She had two children, Wiley M. Williams and Ralph A. Williams; however, Ralph predeceased Ms. Simms. On November 23, 2009, Angerella W. Simms executed a Last Will and Testament ("Will") in which she left "all of [her] property ... to the Angerella W. Simms Revocable Living Trust, to be administered according to the terms therein." The Will further provided that if the bequest to the Angerella W. Simms Revocable Living Trust ("Trust") "shall fail for any reason, or if said Trust is terminated prior to [Ms. Simms's] death," all of her property would be left to Wiley and Ralph, "in equal proportions, share and share alike." Pursuant to the Will, Wiley was nominated to serve as executor of the succession, and he filed a petition seeking to probate the Will on April 4, 2017. On December 27, 2017, the trial court signed an order appointing Wiley executor and, on January 3, 2018, issued letters executory.

On August 8, 2018, Ralph Anthony Williams, II (known as "Tony"), one of Ralph's two children, filed a petition to annul the probated Will, asserting that it was not in accordance with the formalities prescribed for a notarial will under La. Civ. Code art. 1577. At the conclusion of the hearing on October 23, 2018, the trial court orally granted the petition to annul, concluding that the attestation clause executed by the notary failed to sufficiently comply with the requirements of La. Civ. Code art. 1577 as recognized in **Successions of Toney**, 226 So.3d 397.

2

A judgment was signed by the trial court on December 26, 2018, annulling the previously probated Will, declaring that Ms. Simms died intestate, vacating the judgment probating the Will, withdrawing the letters of executorship, and ordering Wiley to render an accounting to Tony. Wiley appealed.

After Wiley's appeal was lodged in **Succession of Simms**, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So.3d 110 ("**Simms I**"), this court issued a rule to show cause. Thereafter, the trial court issued an amended judgment on October 8, 2019, attempting to correct the deficiencies identified by this court and also removing references to the withdrawal of the letters of executorship and the order that Wiley render an accounting to Tony. This appeal was dismissed because the October 8, 2019 amended judgment, which would otherwise be a final appealable judgment, was fatally defective for lack of proper decretal language.[1] **Id.** at 115. Particularly, the judgment failed to name the party in favor of whom the ruling was ordered, the party against whom the ruling was ordered, and the specific relief granted, *i.e.*, annulling the previously probated Will of Ms. Simms. **Id.**

On remand, a revised amended judgment, correcting all the defects identified by this court in **Simms I**, was signed by the trial court on August 26, 2021.[2] This appeal followed.[3]

---

[1] A judgment annulling a previously probated testament determines the merits of that separate action, brought in the succession proceeding, and accordingly constitutes a final appealable judgment. **Simms I**, 297 So.3d at 115. See also **In re Succession of Theriot**, 2008-1233 (La. App. 1st Cir. 12/23/08), 4 So.3d 878, 882.

[2] While a revised amended judgment, nearly identical to August 26, 2021 revised amended judgment, was submitted to the trial court in March of 2020, this judgment was not signed, as the judgment had not been circulated to opposing counsel.

[3] We note that after the trial court annulled the will, a number of pleadings were filed in the succession proceeding, particularly a "Supplemental and Amended Motion (1) for Declaratory Judgment by way of Motion for Summary Judgment and (2) to Revoke Transfer of Assets from Trust to Wiley Williams Personally and Ordering Proper Distribution of the Trust Assets" filed by Tony. The trial court granted all relief requested by Tony in a judgment dated May 25, 2021. Wiley appealed the May 25, 2021 judgment, but this court dismissed the appeal, determining it not to be a final appealable judgment. **Succession of Simms**, 2021-1219 (La. App. 1st Cir. 7/13/22), 2022 WL 2713470, *4 (unreported) ("**Simms II**"). Notably, this court stated, "the propriety of the declaratory relief relative to the Trust granted in the May 25, 2021 judgment is inextricably linked with the revised amended judgment annulling the will, which was ultimately

## LAW AND ANALYSIS

The issue presented in this appeal is whether the Will of Ms. Simms should be annulled on the basis that it failed to sufficiently comply with the requirements set for a notarial will pursuant to La Civ. Code art. 1577.

Louisiana Civil Code art. 1577 provides:

The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, _____."

Additionally, La Civ. Code art. 1573 provides, "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null."

In **Toney**, on which the trial court based its ruling, the Supreme Court held that the will at issue materially deviated from the requirements of La Civ. Code art. 1577 and declared the will to be absolutely null. **Toney**, 226 So.3d at 408. The various clauses contained in the will and the attached affidavit, even when considered in aggregate, were found not to be substantially similar to the sample attestation clause found in La Civ. Code art. 1577(2). The clauses in **Toney** failed to mention that the will was signed on each separate page as specified in the sample attestation clause; lacked a declaration that the notary viewed the will being signed or that the testator declared the instrument to be his last will and testament; and failed

---

signed on August 26, 2021 and presently on appeal, as a decision in that appeal may render the issues in this appeal moot." **Simms II**, 2022 WL 2713470 at *4.

4

to indicate that the witnesses signed the will in the presence of the notary.[4] **Id.** at 405. However, since the pronouncement of **Toney** and the ruling of the trial court in this case, the Supreme Court reexamined under what circumstances a will may be considered a material deviation from the requisite form and, consequently, absolutely null.

In **Liner**, 320 So.3d at 1137, the Supreme Court observed that the plain language of La. Civ. Code art. 1579(2) establishes that strict compliance with formal requirements is not necessary; rather, an attestation clause need only be "substantially similar" to the language provided in the Civil Code.[5] A cardinal rule of the interpretation of wills is that the intention of the testator as expressed in the will must govern, and the formalities of a notarial will provide a protective function of guarding the testator against the risk of fraud. **Id.** The court in **Liner** held that "[t]o the extent *Toney* stands for the proposition that an aggregate of slight deviations constitute a material deviation regardless of their cumulative effect on the risk of fraud, it is overruled." **Id.** at 1138. Instead, the attestation clause is to be construed liberally to determine whether it sufficiently evinces the requisite formalities to serve the protective function of guarding against the risk of fraud. **Id.** Specifically, the court in **Liner** stated:

> Courts must determine if a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud. This involves a contextual analysis of the protective function of a will's formalities in light of the document itself. ... If the court's analysis reveals an increased likelihood that fraud may have been perpetrated, the deviations are material and cause to nullify the will exists. If not, the deviations are slight and should be disregarded. Whether the deviating language sufficiently protects against the risk of fraud is construed liberally in favor of maintaining

---

[4] Additionally, the testator in **Toney** initialed, rather than signed, the first two pages of the will, contrary to the requirements of La Civ. Code art. 1577(1). **Toney**, 226 So.3d at 404.

[5] The will at issue in **Liner** was governed by La. Civ. Code art. 1579, which provides the requisite formalities for the will of a testator who is unable to read. The form requirements for a notarial will under La. Civ. Code art. 1577 and for a notarial will when the testator is unable to read under La. Civ. Code art. 1579 are nearly identical but with the latter requiring additional formalities to safeguard the sight-impaired or illiterate testator. See La. Civ. Code art. 1579, comments—1997, comment (a).

the validity of the will. Mere allegations of fraud are not outcome determinative.

**Id.** at 1138. (Internal citations omitted.) It is under this framework that deviations in attestation clauses should be reviewed. See **Id.**

The will at issue in **Liner** contained the testator's signature on each separate page and at the end of the entire document. The trial court invalidated the 2015 testament finding that the provisions of the attestation clause were not substantially similar to those set forth in La. Civ. Code art. 1579(2). The court of appeal reversed concluding that, despite the omission of the language "at the end" and "on each other separate page," the attestation clause did not fail because the decedent's signature actually appeared on the bottom of each of the eight pages of the 2015 testament and where the notary and witnesses attested to the decedent signing in their presence. On initially hearing the case, the Supreme Court reinstated the judgment of the trial court, finding the will to be null. **Liner,** 320 So.3d at 1135-36. After granting rehearing "to consider the direction of our jurisprudence on the interpretative standard applied to notarial wills," the Supreme Court vacated its original decision. **Id.** at 1135.

On rehearing, the Supreme Court determined that the attestation clause verifying that Mr. Liner declared he "signed" the testament was substantially similar to the La. Civ. Code art. 1579 requirement that the attestation clause verify a testator declared he signed his name "at the end" and "on each other separate page" of the testament. The Supreme Court also rejected the argument that the attestation clause failed to establish that the testator declared he heard the reading of the will in the presence of the notary and the witnesses.[6] Noting that the argument advanced

---

[6] The court in **Liner** also rejected the argument that the attestation clause reflected an inconsistency in the notary both following and reading the testament. The pertinent portion of the attestation clause stated, "such reading having been followed on copies of the Will by Notary and witnesses, and the Testator declared that he had heard the reading of the Will by the Notary." **Liner,** 320 So.3d at 1139-40. The appellate court observed and the Supreme Court reiterated that, as the person reading the testament, the notary is literally following the text of the document, albeit out loud, while fulfilling the purpose of La. Civ. Code art. 1579. This, the Supreme Court stated,

ignored the complete wording of the attestation clause, which indicated that the testament was signed and declared by the testator and the "above named" in the presence of the witnesses, the Supreme Court determined that a liberal construction of the contiguous clauses readily conveyed an understanding that the notary and witnesses attested that the testator declared, in their presence, the instrument that was his will. **Liner**, 320 So.3d at 1135 and 1139-40.

In the present matter, Tony maintained in the petition to annul that the "EXECUTION" provisions of the Will failed to conform to the requirements set forth in La Civ. Code art. 1577, as held in **Toney**, 226 So.3d 397. Tony called attention to three defects of form: (1) the witnesses did not attest to having seen the notary sign the document; (2) the notary made no attestation at all but merely ascribed to the fact that he notarized the document; and (3) the notary did not state that he signed the document in the presence of the witnesses and testatrix. No allegations of fraud were advanced in the petition to annul, and it was not disputed that Ms. Simms signed her name at the end of the Will and on each other separate page.

The "EXECUTION" provisions contained in Ms. Simms's Will provided as follows:

> *I, Angerella W. Simms, hereby declare that this is my Last Will and Testament*, and I confirm that this is the testament that I intend to govern the distribution of my estate at my death. I further declare that I have read this testament in its entirety, which is printed on 4 sheets of paper. For the purposes of identification, I have signed my name at the bottom of pages, 1, 2, & 3, and *I now execute this testament in the presence of the undersigned Notary Public and the undersigned witnesses.*
>
> [signature of Ms. Simms]
>
> *We hereby sign as witnesses, at the request of Angerella W. Simms, a document she declares to us is her Last Will and Testament.*

---

was assurance that the document read to the testator in **Liner** correctly reflected his testamentary intent. **Id.** at 1140. Affording a liberal construction to the language of the applicable attestation clause, the court in **Liner** found the inconsistency to have no effect on the likelihood of fraud and was a slight deviation to be disregarded. **Id.**

7

*We acknowledge that we were present in the room with the testator and saw the testator sign this document, and that we remain in the room together and in the presence of Angerella W. Simms and the Notary Public, and sign now as witnesses.* Each of us declare that in his or her opinion this testator is of sound and disposing mind and memory.

[signature of witnesses]

*Subscribed, sworn to, and acknowledged before me, the undersigned Notary Public, by Angerella W. Simms, the testator, and in the presence of the above named witnesses,* competent and of the legal age of majority, in East Baton Rouge Parish, Louisiana, on [November 23], 2009.

[signature of notary]

(Emphasis added.)

Tony alleged as deviations that the witnesses did not attest to having seen the notary sign the document and that the notary did not state that he signed the document in the presence of the witnesses and Ms. Simms. However, the witnesses' attestation specifically states, "[w]e acknowledge that we were present in the room with the testator and saw the testator sign this document, and that we remain in the room together and in the presence of Angerella W. Simms and the Notary Public, and now sign as witnesses." The notary's attestation then provides such was "[s]ubscribed, sworn to, and acknowledged before me, the undersigned Notary Public, by Angerella W. Simms, the testator, and in the presence of the above named witnesses." Moreover, Ms. Simms's attestation references the presence of both the witnesses and the notary. A liberal construction of these attestation clauses, when read together, evince sufficient compliance with La. Civ. Code art. 1577(2)'s requirement that the notary and witnesses sign an attestation clause in the presence of the testator and each other. Under these contextual circumstances, the language of the attestation clauses adequately protected Ms. Simms against the risk of fraud.

The next deviation alleged by Tony was that the notary made no attestation at all and only ascribed to the fact that he notarized the document. The whole of the notary's attestation together with the full attestation clauses of Ms. Simms and the

8

witnesses, which appear immediately prior to the notary's attestation, indicate that Ms. Simms, the witnesses, and the notary were all in the presence of each other for the execution and declarations made in connection with the Will. The notary's attestation states that Ms. Simms swore, signed, and acknowledged to him the attestation made earlier in the document. In view of the language of all the attestation clauses and affording a liberal construction thereto, we find this alleged deviation to be slight and that Ms. Simms was adequately protected against the risk of fraud.

While the clauses contained in Ms. Simms's Will do not confirm word-for-word to the declaration set forth in La. Civ. Code art. 1577(2), the clauses, when read together, are substantially similar to the codal requirements and any deviations therefrom are slight. Under a liberal construction of the attestation clauses herein, we find the clauses are sufficient to evince the requisite formalities in order to serve the protective function of guarding against the risk of fraud. Accordingly, we find merit to Wiley's assignment of error.

## CONCLUSION

For the foregoing reasons, we vacate the trial court's August 26, 2021 judgment in favor of Ralph Anthony Williams, II and against Wiley M. Williams, annulling the Last Will and Testament of Angerella W. Simms. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Ralph Anthony Williams, II.

**VACATED AND REMANDED.**

9